Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID GARRET; and<br>TLJ, LLC,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MATERIA GROUP LLC; MATERIA GROUP INC.; DEREK MULLER; ANTHONY BERGIN; WILLIAM POWELL; JOHN MOTTA; and JOSEPH MOTTA,<br><br>                    Defendants. | Case No.:  2:19-cv-01129-BJR<br><br>**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN** |

Plaintiffs David Garret ("Garret") and TLJ, LLC ("TLJ"), Defendant William Powell ("Powell"), and Defendants Materia Group LLC and Materia Group Inc. ("Materia Group"), Anthony Bergin, Derek Muller and Joseph Motta hereby submit the following Joint Status Report and Proposed Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and the Court's Standing Order for Civil Cases assigned to Judge Rothstein.

Pursuant to the Court's Order, counsel for Plaintiffs, Defendants Powell and Materia Group met and conferred telephonically concerning these issues.

**NATURE AND COMPLEXITY OF THE CASE**

*Plaintiffs' Statement.* This action involves a complaint by Garret and TLJ as a result of certain conduct by Bergin and the other Defendants that resulted in TLJ's intellectual property rights being infringed upon. In particular, Plaintiffs have filed a Complaint alleging copyright infringement, breach of duty, breach of trust/loyalty, breach of written agreement, conversion, trespass to chattels, fraud, fraudulent conveyance, professional negligence and declaratory relief. Plaintiffs are seeking compensatory damages, injunctive relief, declaratory relief as to the rights of the parties, and attorneys' fees.

*Defendant Powell's Statement.* Powell is an associate attorney at Baker & Hostetler LLP. Powell has represented both TLJ and Materia Group over time. Powell's relationship with TLJ is governed by contract (the retainer agreement dated September 16, 2015) that detailed that Powell and his firm would represent TLJ in connection with its trademark applications, brand protection, and clothing design protection for the LumberJock clothing brand. Powell's relationship with Materia Group is governed by contract (the retainer agreement letter dated August 3, 2016) that details that Powell and his firm would represent Materia Group in connection with its trademark applications, brand protection, and clothing design protection for the LumberJock, LumberUnion and LumberJill clothing brands. Powell denies any and all allegations, liabilities, and claims asserted by Plaintiffs. Powell has asserted affirmative defenses of lack of causation, comparative fault of others, contributory negligence, lack of standing,

mistake, statute of frauds, statute of limitations, insufficient process and service of process, fraud, illegality, release, waiver, estoppel, and laches.

*Defendant Materia Group's Statement.* Materia Group, Inc. is a Delaware corporation doing business in Seattle, WA. Materia Group, Inc. was converted from Materia Group, LLC, a Washington limited liability company. Materia Group is engaged in the business of apparel and accessories production and sale. Materia Group asserts that it is the rightful owner of the brand and designs connected with the Lumber Jock, Lumber Jill and Lumber Union clothing and accessory brands. Materia Group denies any and all allegations, liabilities, and claims asserted by Plaintiffs. Materia Group has asserted affirmative defenses of failure to state a claim, waiver, laches and estoppel, lack of damages, failure to mitigate, setoff, lack of causation, comparative fault, contributory fault, statute of frauds, statute of limitations, and insufficient service of process.

*Defendant Anthony Bergin's Statement*. Bergin was a member of TLJ, LLC and is currently a shareholder of Materia Group, Inc. As more specifically set forth in his Answer to the Complaint, Bergin denies specific allegations in the Complaint, and all liabilities and claims asserted by Plaintiffs. Bergin has asserted affirmative defenses of failure to state a claim, waiver, laches and estoppel, lack of damages, failure to mitigate, setoff, lack of causation, comparative fault, contributory fault, statute of frauds, statute of limitations, and insufficient service of process.

*Defendant Derek Muller's Statement.* Muller provided certain services related to the design of the logo and brand which is at issue in this matter. As more fully set forth in his Answer to the Complaint Muller denies specific allegations in the Complaint, and all liabilities

and claims asserted by Plaintiffs. Muller has asserted affirmative defenses of failure to state a claim, waiver, laches and estoppel, lack of damages, failure to mitigate, setoff, lack of causation, comparative fault, contributory fault, statute of frauds, statute of limitations, and insufficient service of process.

*Defendant Jospeh Motta's Statement*. Joseph Motta provided certain financing to TLJ, LLC which was identified more fully in certain loan documents. Joseph Motta has just appeared and has not yet filed an Answer to the Complaint. Joseph Motta anticipates filing an Answer which denies certain allegations in the Complaint and all liabilities and claims asserted by Plaintiffs. Joseph Motta further anticipates that he will include affirmative defenses in such Answer consistent with the other named defendants.

**1. PROPOSED DEADLINE FOR JOINT ADDITIONAL PARTIES**

Plaintiffs, Powell, Materia Group, Bergin, Muller and Joseph Motta propose that the deadline for joining additional parties should be 60 days after the close of pleadings.

**2. CONSENT TO MAGISTRATE JUDGE**

There is no consent to the assignment of a Magristrate Judge to these proceedings.

**3. PROPOSED DISCOVERY PLAN**

A.   <u>Initial Disclosures.</u>   Three of the parties held their FRCP 26(f) conference on September 30, 2019, but not all defendants participated in light of the service issues experienced by Plaintiffs' process server as of September 30, 2019. Plaintiffs have provided defendants with no documents pursuant to their initial disclosures.

B.   <u>Subjects, Timing, and Phasing of Discovery.</u>   Plaintiffs believe discovery will likely involve subjects including TLJ's trademarks and Garret's use, development and ownership of such markings in the clothing line; the business relationship betwen Garret and Bergin; the management and operations of TLJ and Materia; the sales and revenue generated in connection with TLJ's copyrights and business as compared to that of Materia; the actions taken by Bergin

to allegedly strip the intellectual property of TLJ and transfer it to Materia; the alleged fraudulent loans made by the Motta Defendants; the advertising and marketing of the copyrighted products by Bergin and Defendant Muller; communications between the parties; and related subjects.

Defendant Powell does not disagree with Plaintiffs' discovery views, but believes he too will need to conduct discovery concerning the issues raised in the complaint, specifically concerning the client relationships and the timing of certain information known by Plaintiffs.

Defendants Materia Group, Bergin, Muller and Joseph Motta concur and assert that they will also need to conduct discovery regarding the allegations in the complaint and specifically related to Garret's alleged development and ownership of markings, the default and foreclosure of the security provided for the Motta loans, the timing of certain information known by Plaintiffs, and Materia Group and Muller's design and use of brands for its products.

Discovery will be accomplished through interrogatories, requests for production, requests for admission, depositions, and third-party subpoenas.

C. <u>Electronically Stored Information.</u>  The parties to this report conferred regarding Electronically Stored Information ("ESI") during their Rule 26(f) conference. The parties do not believe that this case will involve much ESI and do not believe an ESI protocol is required at this time. The parties agree to abide by the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) and consider in their discovery requests the nature of the claim, the relative ability of the parties to conduct discovery of ESI, and other such factors as may be relevant under the circumstances. The parties also agree to produce ESI in TIFF or PDF format with a companion text file, or, if not feasible, in native format. The parties anticipate production of electronically stored information and will coordinate regarding the parameters of productions.

D. <u>Privilege Issues.</u>  The parties agree to proceed pursuant to Paragraph D.3 of this Court's Model ESI Protocol, which provides, in the event of production of a privileged document:

> Information produced in discovery that is protected as privileged or
> work product shall be immediately returned to the producing party,
> and its production shall not constitute a waiver of such protection,

     if: (i) such information appears on its face to have been

     inadvertently produced or (ii) the producing party provides notice

     within 15 days of discovery by the producing party of the

     inadvertent production.

  In addition, the parties and their counsel agree to abide by RPC 4.4(b), which provides that a lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender.

  The parties agree that communications solely between litigation counsel in this matter and their clients need not be listed on the parties' respective privilege logs.  Defendant Powell anticipates that there may be privilege issues given that Plaintiff Garret appears to have waived his privilege, whereas other defendants that are also clients of Powell do not waive their privileges.

  E. <u>Limitations on Discovery</u>. The parties do not propose any changes to the limitations on the number of interrogatories or the number and duration of depositions set forth in the Federal and Local Civil Rules.

  F. <u>Discovery-Related Orders</u>. The parties believe a Rule 26(c) protective order governing the production of trade secret or other confidential research, development, or commercial information is appropriate, and they will confer and attempt to reach agreement on terms of a stipulated order for the Court's approval.

**4. CASE AND DISCOVERY MANAGEMENT**

  A. <u>Prompt Case Resolution</u>.  The parties have no specific proposals or agreements for prompt case resolution at this time, especially in light of the status of the pleadings.

  B. <u>Alternative Dispute Resolution.</u>  The parties propose mediation be completed by December 11, 2020.

  C. <u>Related Cases</u>.  The parties are aware of no related cases that need to be brought to the Court's attention.

D. <u>Discovery Management.</u> In the event of a discovery dispute, the parties shall meet and confer in an effort to resolve that dispute. If the dispute is not resolved, appropriate motions will be filed with the Court.

E. <u>Anticipated Discovery Sought.</u> See paragraph 4(B).

F. <u>Phasing Motions</u>. The parties do not see the need to plan to phase any motions at this time.

G. <u>Preservation of Discoverable Information</u>. The parties will ensure, to the best of their abilities, preservation of discoverable information for purposes of the case.

H. <u>Privilege Issues.</u> See paragraph 4(D).

I. <u>Model Protocol for Discovery of ESI</u>. The parties will review and coordinate on discovery of ESI.

J. <u>Alternatives to Model Protocol</u>. See paragraph 5(I).

**5. DATE BY WHICH DISCOVERY CAN BE COMPLETED**

The parties expect that discovery in this case can be completed by October, 2020.

**6. BIFURCATION**

The parties do not believe that this matter should be bifurcated.

**7. PRE-TRIAL STATEMENTS AND PRE-TRIAL ORDERS**

The parties do not seek to dispense with the pretrial statements and pretrial order called for by Local Rules CR 16 (e), (h), (i), and (l), and 16.1.

**8. SUGGESTIONS OR SHORTENING OR SIMPLIFYING CASE**

No additional suggestions for shortening or simplifying the case are proposed by the parties at this time.

**9. DATE FOR TRIAL**

The parties anticipate that this case will be ready for trial on or about March 22, 2021.

**10. JURY OR NON-JURY TRIAL**

The Plaintiffs have requested a trial by jury.

**11. NUMBER OF DAYS FOR TRIAL**

The parties here are unable to estimate as to the number of days necessary for the trial at this time. They will propose the number of days by March 20, 2020.

**12. NAMES, ADDRESSES AND TELEPHONE NUMBERS OF TRIAL COUNSEL**

Plaintiffs' counsel's contact information is as follows:

J. Curtis Edmondson
Law Offices of J. Curtis Edmondson, PLLC
Venture Commerce Center
3699 NE John Olsen Ave.
Hillsboro, OR 97124-5815
(503) 336-3749
jcedmondson@edmolaw.com

Defendant Powell's counsel's contact information is as follows:

Curt Roy Hineline and Carolyn Robbs Bilanko
Baker & Hostetler LLP
999 Third Ave., Suite 3600
Seattle, WA 98104-4040
(206) 332-1380
chineline@bakerlaw.com
cbilanko@bakerlaw.com

Defendants Materia Group LLC's, Materia Group, Inc.'s, Anthony Bergin's, Derek Muller's and Joseph Motta's counsel's contact information is as follows:

Michael T. Callan
Peterson Russell Kelly Livengood PLLC
10900 NE 4th Street, Suite 1850
Bellevue, WA 98004-8341
(425) 462-4700
mcallan@prklaw.com

**13. TRIAL SCHEDULING COMPLICATIONS**

At this time, trial counsel is unaware of any dates on which they will have conflicts to be considered in setting a trial date.

**14. SERVICE ON REMAINING DEFENDANTS**

Defendant John Motta is deceased and Plaintiffs will seek leave to substitute the estate.

## 15. SCHEDULING CONFERENCE

Neither party requests a conference with the Court prior to entry of a Scheduling Order.

## 16. CORPORATE DISCLOSURE STATEMENT

TLJ filed its Corporate Disclosure Statement on July 25, 2019.

Materia Group filed its Corporate Disclosure Statement on October 7, 2019.

## 17. PILOT PROJECT

The parties do not wish to be part of the Pilot Project on Cameras in the Courtroom.

DATED this 6th day of January, 2020.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| Law Offices of J. Curtis Edmondson, PLLC | Baker & Hostetler LLP |
| By:  /s/ J. Curtis Edmondson | By:  /s/ Curt Roy Hineline |
| J. Curtis Edmondson, SBN 47395 | Curt Roy Hineline, SBN 16317 |
| Venture Commerce Center | 999 Third Ave., Suite 3600 |
| 3699 NE John Olsen Ave. | Seattle, WA 98104-4040 |
| Hillsboro, OR 97124-5815 | (206) 332-1380 |
| (503) 336-3749 | chineline@bakerlaw.com |
| jcedmondson@edmolaw.com | Attorney for Defendant William Powell |
| Attorney for Plaintiffs | |

Peterson Russell Kelly Livengood PLLC

By:  /s/ Michael T. Callan

Michael T. Callan, SBN 16237
Peterson Russell Kelly Livengood PLLC
10900 NE 4th Street, Suite 1850
Bellevue, WA 98004-8341
(425) 462-4700
mcallan@prklaw.com
Attorney for Defendants Materia Group, Bergin, Muller and Joseph Motta

## PROOF OF SERVICE

Served on January 6, 2020 By CM/ECF to counsel of record:

Michael T. Callan, SBN 16237
Peterson Russell Kelly Livengood PLLC
10900 NE 4th Street, Suite 1850
Bellevue, WA 98004-8341
(425) 462-4700
mcallan@prklaw.com
Attorney for Defendants Materia Group, Bergin, Muller and Joseph Motta

Curt Roy Hineline, SBN 16317
999 Third Ave., Suite 3600
Seattle, WA 98104-4040
(206) 332-1380
chineline@bakerlaw.com
Attorney for Defendant William Powell

/s/ J. Curtis Edmondson
J. Curtis Edmondson